UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONNA M. CALLOWAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | 3:07-CV-1292-R |
| TRIAD FINANCIAL CORP. a/k/a | § | "ECF" |
| TRIAD CAPITAL CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW Triad Financial Corp. a/k/a Triad Capital Corporation ("Triad" or "Defendant") and files its Original Answer to Plaintiff's Original Complaint and would show the Court the following:

## VENUE SHOULD BE TRANSFERRED

1. Plaintiff filed suit in the Dallas Division of the Northern District of Texas. Defendant asserts venue is more appropriate in the Fort Worth Division of the Northern District of Texas. A state court lawsuit arising out of the same incidents ("state court lawsuit") has already been transferred, by agreement, to a Fort Worth District State Court. Defendant has filed a Motion to Transfer this matter to the Fort Worth Division of the Northern District of Texas. This Answer is being filed subject to Defendant's Motion to Transfer Venue.

## ANSWER

2. With respect to paragraph 1.01 of Plaintiff's Original Complaint, Defendant is without knowledge or information sufficient to form a belief concerning the methods of contacting Plaintiff. This averment in no way effects or diminishes Defendant's factual

___

assertions regarding Plaintiff's residence as set forth in its Motion to Transfer Venue.

3.  With respect to paragraph 1.02 of Plaintiff's Original Complaint, Defendant admits that its registered agent for service of process is as listed.

4.  With respect to paragraph 2.01 of Plaintiff's Original Complaint, no response is necessary because this paragraph does not contain any factual allegations and, to the extent it does, all said allegations are denied.

5.  With respect to paragraph 2.02 of Plaintiff's Original Complaint, Defendant incorporates its admissions and denials hereinafter set forth with respect to the acts alleged in the Complaint. As set forth hereinabove, Defendant denies the Dallas Division is the appropriate division.

6.  With respect to paragraph 3.01 of Plaintiff's Original Complaint, Defendant admits Gregory Snopel ("Snopel") is a white male. Defendant is without knowledge or information sufficient to form a belief concerning the remaining factual allegations in the paragraph. However, through discovery in the state court lawsuit Snopel has denied the factual allegations.

7.  With respect to paragraph 3.02 of Plaintiff's Original Complaint, Defendant denies all of the allegations contained in this paragraph.

8.  With respect to paragraph 3.03 of Plaintiff's Original Complaint, Defendant denies all of the factual allegations contained in this paragraph.

9.  With respect to paragraph 3.04 of Plaintiff's Original Complaint, Defendant denies all of the factual allegations contained in this paragraph.

10. With respect to paragraph 3.05 of Plaintiff's Original Complaint, Defendant is without knowledge or information sufficient to form a belief concerning factual averments

contained in the paragraph. However, through discovery in the state court lawsuit, Snopel has denied the first sentence of paragraph 3.05.

11. With respect to paragraph 3.06 of Plaintiff's Original Complaint, Defendant is without knowledge or information sufficient to form a belief concerning factual averments contained therein. Therefore, such are denied. However, through discovery in the state court lawsuit, Snopel has denied the factual allegations contained therein.

12. With respect to paragraph 3.07 of Plaintiff's Original Complaint, Defendant denies the last sentence of paragraph 3.07. Defendant is without knowledge or information sufficient to form a belief concerning the remainder of the paragraph. Therefore, such are denied. However, through discovery in the state court lawsuit, Snopel has denied the factual allegations contained therein.

13. With respect to paragraph 3.08 of Plaintiff's Original Complaint, Defendant is without knowledge or information sufficient to form a belief concerning factual averments contained in the paragraph. Therefore, such are denied.

14. With respect to paragraph 3.09 of Plaintiff's Original Complaint, Defendant admits Plaintiff interacted with Snopel in his role as another team's lead while at work. Defendant is without knowledge or information sufficient to form a belief concerning the remainder of the paragraph. Therefore, such are denied. However, through discovery in the state court lawsuit, Snopel has denied the factual allegations contained therein.

15. With respect to paragraph 3.10 of Plaintiff's Original Complaint, Defendant admits Tara Johnson started a money train for Plaintiff. Defendant is without knowledge or information sufficient to form a belief concerning the remainder of the paragraph. Therefore, such are denied.

___

16.     With respect to paragraph 3.11 of Plaintiff's Original Complaint, Defendant is without knowledge or information sufficient to form a belief concerning the factual allegations contained therein.  Therefore, such are denied.  However, through discovery in the state court lawsuit, Snopel has admitted stating after his break he would have something for Plaintiff, but denied the remainder of the factual averments.

17.     With respect to paragraph 3.12 of Plaintiff's Original Complaint, Defendant is without knowledge or information sufficient to form a belief concerning the factual allegations contained therein.  Therefore, such are denied.  However, through discovery in the state court lawsuit, Snopel admits he had a five dollar bill for Plaintiff and that the money train was well below Plaintiff's waist line at some point during the day.

18.     With respect to paragraph 3.13 of Plaintiff's Original Complaint, Defendant denies Plaintiff reported any incident to Sergio Padilla or that Sergio Padilla responded as averred.  As this averment is denied, Defendant necessarily denies Plaintiff's contention she does not believe anything was done or Snopel was reprimanded as a result.  Defendant is without knowledge or information sufficient to form a belief concerning the remainder of the paragraph and, therefore, such is denied.  However, through discovery in the state court lawsuit, Snopel has denied the factual allegations specifically referring to him.

19.     With respect to paragraph 3.14 of Plaintiff's Original Complaint, Defendant is without knowledge or information sufficient to form a belief concerning the factual allegations contained therein.  Therefore, such are denied.  However, through discovery in the state court lawsuit, Snopel has denied the factual allegations.

20.     With respect to paragraph 3.15 of Plaintiff's Original Complaint, Defendant is without knowledge or information sufficient to form a belief concerning the factual allegations

contained therein. Therefore, such are denied. However, through discovery in the state court lawsuit Snopel has denied the factual allegations.

21. With respect to paragraph 3.16 of Plaintiff's Original Complaint, Defendant is without knowledge or information sufficient to form a belief concerning the factual allegations contained therein. Therefore, such are denied. However, in response to discovery in the state court lawsuit, Snopel admitted a conversation was had regarding Jill Delgado but denied the remainder of the factual averments, including comments attributed to him.

22. With respect to paragraph 3.17 of Plaintiff's Original Complaint, Defendant is without knowledge or information sufficient to form a belief concerning the factual allegations contained therein. Therefore, such are denied. However, through discovery in the state court lawsuit, Snopel has denied the factual allegations.

23. With respect to paragraph 3.18 of Plaintiff's Original Complaint, Defendant is without knowledge or information sufficient to form a belief concerning the factual allegations contained therein. Therefore, such are denied. However, through discovery in the state court lawsuit, Snopel has denied the factual allegations.

24. With respect to paragraph 3.19 of Plaintiff's Original Complaint, Defendant is without knowledge or information sufficient to form a belief concerning the factual allegations contained therein. Therefore, such are denied.

25. With respect to paragraph 3.20 of Plaintiff's Original Complaint, Defendant admits Plaintiff composed an email, but denies the content thereof. The remainder of the paragraph is denied. Through discovery in the state court lawsuit, Snopel denied the first three sentences of the paragraph.

26. With respect to paragraph 3.21 of Plaintiff's Original Complaint, Defendant

denies all of the allegations contained in this paragraph except Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's belief whether Snopel was reprimanded.

27. With respect to paragraph 3.22 of Plaintiff's Original Complaint, Defendant is without knowledge or information sufficient to form a belief concerning the factual allegations contained therein. Therefore, such are denied.

28. With respect to paragraph 3.23 of Plaintiff's Original Complaint, Defendant is without knowledge or information sufficient to form a belief concerning the factual allegations contained therein. Therefore, such are denied. However, through discovery in the state court lawsuit, Snopel has denied the factual averments contained therein.

29. With respect to paragraph 3.24 of Plaintiff's Original Complaint, Defendant is without knowledge or information sufficient to form a belief concerning the factual allegations contained therein. Therefore, such are denied. However, through discovery in the state court lawsuit, Snopel has denied the factual averments contained therein.

30. With respect to paragraph 3.25 of Plaintiff's Original Complaint, Defendant denies the first factual averment. Defendant is without knowledge or information sufficient to form a belief concerning the remainder of the paragraph. Therefore, such are denied.

31. With respect to paragraph 3.26 of Plaintiff's Original Complaint, Defendant admits the promotion occurred. The remainder of the paragraph is denied.

32. With respect to paragraph 3.27 of Plaintiff's Original Complaint, Defendant is without knowledge or information sufficient to form a belief concerning the factual averments. Therefore, such are denied.

33. With respect to paragraph 3.28 of Plaintiff's Original Complaint, Defendant

admits Plaintiff was terminated August 30, 2006, and Snopel was a supervisor since August 1, 2006. The remainder of the paragraph is denied.

34. With respect to paragraph 3.29 of Plaintiff's Original Complaint, Defendant denies all of the allegations contained in this paragraph.

35. With respect to paragraph 4.01 of Plaintiff's Original Complaint, Defendant incorporates, as if set forth verbatim, the previous responses to Plaintiff's factual averments.

36. With respect to paragraph 4.02 of Plaintiff's Original Complaint, Defendant admits Plaintiff is African-American and female. The remainder of the paragraph does not contain factual averments and, to the extent it does, all further averments are denied. Further, Defendant denies all of the legal conclusions, assertions, and other allegations made in this paragraph, except as set forth herein.

37. With respect to paragraph 4.03 of Plaintiff's Original Complaint, the paragraph does not contain factual averments and, to the extent it does, all further averments are denied.

38. With respect to paragraph 4.04 of Plaintiff's Original Complaint, Defendant denies all of the factual averments contained in this paragraph.

39. With respect to paragraph 4.05 of Plaintiff's Original Complaint, Defendant denies all of the factual averments contained in this paragraph.

40. With respect to paragraph 4.06 of Plaintiff's Original Complaint, Defendant admits Plaintiff filed with the EEOC and received a notice of right to sue. The remainder of the paragraph is denied.

41. With respect to paragraph 4.07 of Plaintiff's Original Complaint, Defendant denies all factual averments contained in this paragraph.

42. With respect to paragraph 4.08 of Plaintiff's Original Complaint, the paragraph

does not contain factual averments and, to the extent it does, all further averments are denied.

43. With respect to paragraph 4.09 of Plaintiff's Original Complaint, Defendant denies all factual averments contained in this paragraph.

44. With respect to paragraph 4.10 of Plaintiff's Original Complaint, Defendant denies all factual averments contained in this paragraph.

45. With respect to paragraph 5.01 of Plaintiff's Original Complaint, no response is necessary as this paragraph does not contain any factual averments and, to the extent it does, all further averments are denied.

## AFFIRMATIVE DEFENSES

46. For and as a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges that Plaintiff has failed to mitigate her damages.

47. For and as a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff's claims are barred by the doctrine of unclean hands.

48. For and as a separate and affirmative defense to the Complaint, Defendant alleges that Defendant is entitled to reimbursement or a set-off for any monies that it has paid Plaintiff, or will pay to Plaintiff, as a result of any workers' compensation claim or unemployment insurance claim, or other compensation received.

49. For and as a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges that Plaintiff failed to exhaust her internal remedies with Defendant.

50. For and as a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because it exercised reasonable care to prevent and correct promptly any alleged or discriminatory or harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by

_____

Defendant or to avoid harm otherwise.

51.     For and as a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges that Plaintiff failed to give notice of any alleged discrimination or harassment.

52.     For and as a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges that, assuming, <u>arguendo</u>, the alleged conduct occurred, Defendants did not know nor should they have known of the harassing or discriminatory conduct.

53.     For and as a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff's administrative claims were not timely filed as to some or all of the facts alleged in the Complaint and, therefore, the present action is untimely and barred by the applicable limitations periods.

54.     For and as a separate and affirmative defense to the Complaint, Defendant invokes all available damage caps, including those under 42 U.S.C. § 1981a.

55.     For and as a separate and affirmative defense to the Complaint, Defendant reserves the right to assert any other defenses available including, but not limited to, those under Federal Rule of Civil Procedure 8(c), upon the completion of discovery.

56.     Answering further, and in the alternative if necessary, Defendant pleads the following defenses to Plaintiff's claims for punitive/exemplary damages:

      a)     **Unconstitutional.**  Even as limited by law, punitive/exemplary damages as structured are unconstitutional as:

            violating the Fifth and Fourteenth Amendments to the United States Constitution, in seeking to deprive Defendant of due process or due course of law;

            violating the Eighth Amendment to the United States Constitution, by seeking to impose what is, or what in effect is, an excessive fine; and

            violating the Fourteenth Amendment to the United States

                Constitution, in seeking to deny Defendant equal protection of the laws of the United States.

    b)    **Lack of Notice.**   The punitive/exemplary damages provisions fail to provide notice of proper standards whereby a defendant is advised that by failing to exercise ordinary care, unknown parties at a later date may deprive the defendant of unspecified, non-compensatory damages at mere discretion, without guidance of proper standards.

    c)    **Standard.**   Alternatively, any non-compensatory, punitive/exemplary damages, if awarded at all, should be based upon improper, knowing conduct proved by evidence meeting a clear and convincing standard of proof, beyond a reasonable doubt, or some such similar standard above the present low preponderance of the evidence standard for assessing negligence and compensatory damages.  There is an absence of even basic protection normally given even the most heinous criminal.

    d)    **No proper function.**   Punitive/exemplary damages do not serve any function now appropriate in the context of a case for civil damages, in that the law provides full compensatory damages for every element for which a party is entitled.

    e)    **Windfall.**   Punitive/exemplary damages are just that, punishment damages.  The criminal laws provide the appropriate function to punish any wrongful conduct, and no purpose is served by removing punishment damages from benefiting the entire State of Texas and giving it as a windfall to a plaintiff and the plaintiff's attorney.

    f)    **No intentional, malicious and conscious misconduct.**   Punitive/exemplary damages should not be awarded against this Defendant without a finding of intentional, malicious and conscious misconduct; and clearly, in this case, this Defendant, under all the evidence, is not guilty of intentional, malicious and conscious misconduct.

Respectfully submitted,

/s/ Gregory M. Clift
**R. ROGGE DUNN**
State Bar No. 06249500
Email:  rdunn@cdklawyers.com
**GREGORY CLIFT**
State Bar No. 00795835
Email:  gclift@cdklawyers.com
**CLOUSE DUNN KHOSHBIN LLP**
1201 Elm Street, Suite 5200
Dallas, Texas 75270-2142
Telephone:     (214) 220-3888
Facsimile:     (214) 220-3833

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing instrument has been served upon all counsel of record in accordance with the Rules of Civil Procedure, this 13th day of August, 2007.

| | |
|---|---|
| W.D. Masterson, Esq.<br>Theodore C. Anderson, Esq.<br>Kilgore & Kilgore, PLLC<br>3109 Carlisle<br>Dallas, Texas 75204 | ☒ **VIA ECF**<br>☐ **VIA OVERNIGHT**<br>☐ **VIA FIRST CLASS MAIL**<br>☐ **VIA FAX (214) 953-0133**<br>☐ **VIA CERTIFIED MAIL, RRR**<br>_____ |

/s/ Gregory M. Clift
**ROGGE DUNN**
**GREGORY CLIFT**

___