UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONNA M. CALLOWAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3: 07-CV-1292-B |
| | § | |
| TRIAD FINANCIAL CORP. a/k/a | § | |
| TRIAD CAPITAL CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant Triad Financial Corporation's motion to transfer venue to the Fort Worth Division of the Northern District of Texas under 28 U.S.C. § 1404(a). (Doc 9). Defendant has demonstrated in its motion that the Fort Worth Division is a more convenient forum; therefore, the Court GRANTS Defendant's Motion to Transfer Venue.

### I. Factual Background[1]

The motion before this Court stems from a complaint, filed on July 23, 2007, by Plaintiff Donna Calloway, alleging race discrimination, sex discrimination, sexual harassment, and retaliation against her former employer, Defendant Triad Financial Corporation. Plaintiff alleges that her co-worker Mr. Greg Snopel sexually harassed her and that her supervisors, Mr. Sergio Padilla and Ms. Michelle Mayo, discriminated against her on the basis of race and sex. (Def.'s Br. 2). Additionally,

---

[1] The background facts are derived from Plaintiff's Original Complaint ("Compl.") and Defendant's Brief in Support of it Motion to Transfer Venue ("Def.'s Br.").

1

Plaintiff claims that Defendant retaliated against her because of her complaints about the hostile work environment, sexual harassment, and the aforementioned discrimination. (Compl. ¶ 4.05).

On August 13, 2007, Defendant filed a Motion to Transfer Venue from the Dallas Division to the Fort Worth Division of the Northern District of Texas. Defendant states that venue in the Dallas Division is improper for various reasons. First, Defendant's offices, where all of the alleged offenses occurred, are in Tarrant County, which falls under the Fort Worth Division of the Northern District of Texas. (Def.'s Br. 2). Defendant has its only Texas office at 5201 Snow Rufe Drive, North Richland Hills, Tarrant County, Texas. Second, Defendant claims that Plaintiff lived in Tarrant County while working in its offices, and upon information it possesses, believes Plaintiff still lives in Tarrant County. *Id.* Finally, Defendant points out that although litigation of this case is still in early stages, it appears that key witnesses live in Tarrant County. (Def.'s Br. 3). Among these key witnesses, Defendant lists Mr. Sergio Padilla, Ms. Michelle Mayo, and Mr. Greg Snopel. *Id.* Defendant states that Mr. Padilla lives in North Richland Hills, Ms. Mayo resides in Fort Worth, and Mr. Snopel lives in Fort Worth. Each of these cities falls under the Fort Worth Division of the Northern District of Texas. *Id.*

Defendant also notes that Plaintiff has previously filed a complaint in Dallas County State Court arising from the same events as the case before this Court and has agreed to have those claims moved to Tarrant County State Court. (Def.'s Br. 1). Plaintiff did not file a response to Defendant's Motion to Transfer Venue.

## II.     Legal Standard for Transfer of Venue

Defendants move to transfer venue from the Dallas Division to the Fort Worth Division within the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). Under § 1404(a), a district

2

court may transfer a civil action to a district or division where the action could have been brought originally, if the transfer would be convenient for the parties and in the interest of justice. 28 U.S.C. § 1404(a). Such a district is one where the plaintiff, without taking into account the defendant's choice of venue, could have brought the suit initially and properly under the Federal Rules of Civil Procedure. *See Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 355 F. Supp. 2d 848, 851 (N.D. Tex. 2005). The purpose of § 1404 is to "prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Data Treasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 593 (N.D. Tex. 2003). (citations omitted).

The decision to transfer venue is at the discretion of the court, and the plaintiff's choice in forum should not be destroyed unless the balance of factors strongly favors the moving party. *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988); *TIG Ins. Co. v. NAFCO Ins. Co., Ltd.*, 177 F. Supp. 2d. 561, 568 (N.D. Tex. 2001).

For the court to grant a transfer of venue, the burden is on the defendant to demonstrate why the alternate forum is the more appropriate forum. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). First, the defendant must prove that the plaintiff could have originally filed his complaint in the district where the defendant seeks transfer. *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). To prove this, the defendant must show: (1) that he or she resides in the alternate forum or; (2) that the events giving rise to the plaintiff's claim occurred in the alternate forum. 28 U.S.C. § 1391(b). A defendant that is a corporation has its residence where it has its principle place of business or where it is incorporated. *See* 28 U.S.C. § 1391(c); 28 U.S.C. § 1332(c)(1).

Next, the defendant must prove that the court would best serve the interests of convenience and justice by granting the transfer. *Wolf Designs, Inc.*, 355 F. Supp. 2d at 851. In examining the

convenience to parties and witnesses and whether the transfer is in the interest of justice, the court considers a mix of public and private factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). None of these factors on its own is dispositive. *Id.* Instead, courts analyze the private and public factors as a whole to determine whether transfer is proper. *Id.* The private factors that courts considers include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* Also taken into consideration are the following public factors: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law." *Id.* This Court now considers these standards in the context of this case.

### III. Application

**A.     Proper Alternate Forum**

Initially, the defendant must show that the case could have been brought in the alternate forum. *Volkswagen*, 371 F.3d at 203. In the case at hand, Defendant proves this by showing that its corporate residence is located in the alternate division of Fort Worth and that the events giving rise to Plaintiff's claim occurred there as well.

Defendant's office –located in North Richland Hills, Tarrant County, Texas– is Defendant's only office in the State of Texas. (Def's. Br. 2). As Defendant's principle place of business within the State, the office is clearly established as Defendant's corporate residence. Additionally, Plaintiff claims that the alleged harassment, the event giving rise to her claim, occurred in Defendant's office

4

in North Richland Hills. *See generally* (Compl.). The Court finds that Plaintiff could have originally brought suit in the alternate forum because North Richland Hills is located in Tarrant County, which falls under the Fort Worth Division.

After determining that the action could have been filed in the Forth Worth Division, the Court must now decide whether granting a transfer would serve the interests of convenience and justice. As previously mentioned, courts consider a number of private and public interests in its decision. *Volkswagen*, 371 F.3d at 203. The Court turns first to the private factors and considers them in the context of this case.

**B.      Private Factors**

1. Access to Sources of Proof

Defendant states that the proof before the Court will consist primarily of Defendant's employment records, which are located at its offices in Tarrant County. (Def.'s Br. 7). Defendant does not mention the volume of these records nor does it mention that transporting them to the Dallas Division would be of great inconvenience. As a result, the Court does not give this factor much weight and finds that this factor slightly favors transfer.

2. Availability of Compulsory Process to Secure Attendance of Witnesses

The witnesses identified by Defendants either reside or are employed within the Northern District of Texas. (Def'.s Br. 3). Therefore, they may be served with a subpoena under Federal Rule of Civil Procedure 45(b)(2). The Court does not consider this to be a significant factor in deciding transfer.

3. Cost of Attendance for Witnesses

5

According to Defendant, Plaintiff and most of the witnesses mentioned in her Complaint, reside in areas falling under the Fort Worth Division. (Def.'s Br. 5). While Defendant did not describe the nature of each witnesses' testimony, the Court anticipates that all of the witnesses listed by Defendant in its Brief and accompanying Appendix, will have some relevant knowledge regarding the facts of this matter. *See Young v. Armstrong World Indus., Inc.*, 601 F. Supp. 399, 401 (N.D. Tex. 1984) (stating that the movant must identify the key witnesses and make a statement of what their testimony will cover). The Court anticipates this because the witnesses identified in Plaintiff's Complaint and acknowledged by Defendant in its Brief Supporting the Motion to Transfer Venue were all employed by Defendant during the time the alleged events occurred and appear to have known both Plaintiff and Defendant in a professional context. *See generally* (Compl.). Keeping the case in the Dallas Division would inconvenience these witnesses and cause them to incur needless travel expenses to testify. Accordingly, this factor weighs in favor of transfer.

4. <u>All Other Practical Problems</u>

(1) <u>Location of Parties' Counsel</u>

The Court notes that both Plaintiff's and Defendant's counsel are located in Dallas, Texas. As Defendant points out, location of counsel is irrelevant and should not be considered by the Court when deciding whether to transfer venue. *Volkswagen*, 371 F.3d at 206. As a result, this factor will not influence the Court's decision.

(2) <u>Place of Alleged Wrong</u>

The Court agrees with Defendant that the place of the alleged wrong is a substantial factor in determining whether to transfer venue. *Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 732 (S.D.

6

Tex. 2002); *see also* 28 U.S.C. § 1391(b). The events giving rise to this action occurred in Tarrant County, Texas; therefore, this factor weighs in favor of transfer to the Fort Worth Division.

(3) Possibility of Delay and Prejudice

With Plaintiff filing her Complaint on July 23, 2007, the Court has not yet entered a scheduling order. Therefore, Defendant has filed its Motion to Transfer Venue in a timely manner and transferring this case to the Fort Worth Division would not cause significant delay or prejudice. This factor also weighs in favor of transfer.

Given that Tarrant County is where: (1) most witnesses reside; (2) the alleged events occurred; and (3) employment records are located, as a whole, the private factors weigh in favor of transfer to the Fort Worth Division. Next, the Court turns to the public factors to determine if they weigh in favor of transfer.

C.  **Public Interest Factors**

1. Administrative Difficulties

Defendant does not address whether the case at hand would proceed more quickly in either division. Additionally, the Court notes that the number of cases in each division is not determinative of the speed at which this case, or the average case, moves through the court. This is not a significant factor in the Court's decision to transfer.

2. Local Interest

Defendant's office and corporate residence is located in Tarrant County, which falls under the Fort Worth Division. Plaintiff claims the alleged wrong occurred in Defendant's office. *See generally* (Compl.). Additionally, Plaintiff and most of the relevant witnesses reside or are employed in Tarrant County. (Def.'s Br. 3). The Dallas Division has little, if any, interest in deciding this case. On the other hand, because this case deals with its corporate and individual residents, the Fort

Worth Division has a greater interest in protecting involved parties in this litigation. This factor weighs strongly in favor of transfer.

      3. <u>Familiarity with Governing Law and Avoidance of Unnecessary Conflict of Laws</u>

The request before this Court is for a transfer of venue between divisions within the Northern District of Texas. The same law applies in the Dallas and Fort Worth Divisions. Thus, both divisions are equally familiar with governing law and no conflict of laws exists. The Court considers these factors to be neutral in deciding whether transfer of venue is proper. Therefore, in the case at hand, the Court sees no reason to apply these factors.

After analyzing the facts in this case and finding a strong local interest for the Fort Worth Division in the adjudication of this case, the Court finds that the public interest factors favor transfer to the Fort Worth Division.

In sum, the Court finds that the balance of factors strongly favors transfer. Defendant has shown that the convenience of the litigating parties and material witnesses would be better served by a transfer. The Court finds that transfer would best serve both Plaintiff and Defendant. Accordingly, Defendant's motion to transfer venue to the Fort Worth Division under § 1404(a) should be granted.

### III. Conclusion

For the reasons stated above, the Court GRANTS Defendant's motion to transfer venue to the Fort Worth Division of the Northern District of Texas.

      **SO ORDERED.**

      December __27th__, 2007

                                          **JANE J. BOYLE**
                                          **UNITED STATES DISTRICT JUDGE**